MERCHANTS COLLECTION AGENCY, LIMITED, *v.* NG AU SHEE, ET AL, AND THE CITY AND COUNTY OF HONOLULU.

No. 2114.

SUBMITTED OCTOBER 23, 1933.     DECIDED NOVEMBER 24, 1933.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PARSONS, J.

This is a suit in equity to foreclose a junior mortgage upon realty situated at the southerly corner of King Street, Waialae Road and Kapahulu Road in Honolulu. The petitioner is the Merchants Collection Agency, Limited, assignor of said mortgage and the promissory note it secures. There are twelve respondents, including the nine mortgagors who are also joint and several makers of the said promissory note, and including in addition to said mortgagors one K. H. Yee, an endorser and guarantor of said promissory note, the Liberty Bank of Honolulu, a prior mortgagee of the same premises, and the City and County of Honolulu, an adverse claimant to a part of said premises. The nine mortgagors above referred to are Ng Au Shee, Ng Sau Chin, Lai Yok Pung Ng, Ng Sau Bew, Ng Sau Yee, Ng Shee, Ng Kam Luke, Ng Sam and Ng Kam Bat.

The petition alleges in part and in effect that on November 30, 1931, in consideration of a loan of $4200 to the mortgagors the said nine mortgagors-respondents executed and delivered to the Chinese American Bank, a corporation, the mortgagee, petitioner's assignor, the said note for the amount of said loan and interest payable in monthly installments over a period of three years, together with said junior mortgage, said junior mortgage securing the same, said junior mortgage being subject to a prior recorded mortgage to the Liberty Bank of Honolulu for $2750, dated October 3, 1931. Endorsement and guaranty of payment of the promissory note on the part of the respondent K. H. Yee, assignment of note and mortgage to petitioner, under date of November 10, 1932, default in payment of $4150 on account of principal and default in payment of intallments of interest as provided in recited provisions of the note and mortgage, the adverse claim of the City and County of Honolulu hereinafter

more fully dealt with, are all alleged; and foreclosure and sale under recited provisions of the mortgage are prayed.

Upon motion of the petitioner and certificate of the clerk, order was duly entered under date of December 16, 1932, declaring nine of said respondents, including eight of said nine mortgagors and the said K. H. Yee, endorser of said note, to be in default for failure of said nine respondents to enter an appearance, after service of summons upon them, within the time allowed by law.

Answer was filed on behalf of Ng Kam Bat, one of respondents and the only mortgagor not in default, by Ng Sau Bew, her guardian, alleging that Ng Kam Bat at the time she signed said note and mortgage was a minor under twenty years of age, alleging that she signed the same merely as an accommodation and without consideration and that she now repudiates the same. At the hearing admission was made by counsel for the petitioner that the answer of Ng Kam Bat was true and well taken.

Answer and amended answer were filed by the City and County of Honolulu, respondent, alleging in part and in effect title in fee in itself free from the liens of the said first mortgagee and of the said second mortgagee and its assignee of a part of the premises above named, and a prior lien for frontage improvement assessment upon the residue of said premises in the sums of $1727.12 and $103.07.

The city and county's claim to title to part of said premises as above set forth is based upon a deed executed to it under date of December 28, 1931, by "Ng Sau Chin, husband of Lai Yok Ping, Ng Sau Bew (k), single, Ng Sam, wife of Ching Hee Som, Ng See, wife of Chang Kwai Ming, Ng Sau Yee (k), single, Ng Look (w), single, Ng Sau Wah (k), single, and Ng Bat (w) a minor, by her guardian Ng Sau Bew." In said answer it is claimed

that the parcel of land last above named "was one of the parcels required for the street extension and improvement of South King Street and Harding Avenue from Waiaka Road to Kapahulu Road, * * * under the terms of public improvement project #62, and also under the terms of public improvement project #10, Kaimuki improvement district." It is alleged that notice of public hearing upon public improvement No. 10 was published in the Honolulu Advertiser on October 14, 18, 22 and 26, 1921, and that notice of public hearing to be held August 25, 1931, upon public improvement No. 62 was published in the Star-Bulletin August 5, 10, 15 and 20, 1931, said notices specifically referring to reports of the engineer of the city and county, which described in detail the parcel of land last hereinabove referred to as the property "necessary to be acquired for the completion of the said project."

The City and County of Honolulu "further alleges that the respondent herein, the Liberty Bank of Honolulu, and also the Chinese American Bank, the assignor of the Merchants Collection Agency, Limited, petitioner herein, is chargeable with notice that the City and County of Honolulu did intend to acquire the parcel of land hereinabove described, prior to the execution of the two alleged mortgages held by them and in the petition described and did acquire said pieces as hereinabove set forth."

As a special defense the City and County of Honolulu further alleged "that while the deed of the property to it hereinabove described was executed and delivered on December 28, 1931, the second mortgage of the Chinese American Bank herein sought to be foreclosed, was not recorded in the registry of conveyances until December 30, 1931, or two days after the execution and delivery of said deed, and that the said City and County of Honolulu was without notice of said mortgage at the time it acquired the above described property, and was an in-

nocent purchaser of the same for value without notice."

In its amended answer the City and County of Honolulu, in paragraph VII-A, set up as a further defense "that the alleged mortgage of November 30th, 1931, which is by the petition in this suit sought to be foreclosed was executed for a past consideration and that no money or other consideration was advanced or loaned to the mortgagors therein named and who executed the same. That the same was executed by the mortgagors under duress and as a result of threats and fraud of the Chinese American Bank, Ltd., the mortgagee thereof in so far as it affects the parcel of land acquired by the city and county and hereinabove more particularly described, the Chinese American Bank, Ltd., being truly informed and well knowing that the said piece or parcel of land had been sold to the City and County of Honolulu by the owners thereof and was merely awaiting the preparation of the deed, the necessary proceedings before the court of domestic relations authorizing the sale of the share of the minor Ng Kam Bat, and the necessary formalities relative to the appropriation of the funds for payment on the part of the City and County of Honolulu and the execution of the deed; and that the Chinese American Bank had full, complete and actual notice of the aforesaid sale. That in utter disregard and defiance of the rights of the City and County of Honolulu, the Chinese American Bank, Ltd., by threats, duress and fraud forced the aforesaid mortgagors to execute the said instrument, and that the said instrument is void in so far as it affects the parcel of land acquired by the City and County of Honolulu and hereinabove described."

The answer prayed in effect that the city and county be declared to be the owner in fee simple, free of all encumbrances of the parcel of land described in its deed; that in the event of a foreclosure decree the said parcel

be excluded; that petitioner and the Liberty Bank of Honolulu, respondent, be requested to execute releases of said property from the terms of their respective mortgages, and that the remainder of the property be sold subject to the liens of the City and County of Honolulu for the unpaid balances of assessments hereinabove set forth.

In its replication thereafter filed the petitioner alleged: (1) "That the deed of Ng Sau Chin, et al, referred to in paragraph VII of the answer of the City and County of Honolulu, while dated the 28th day of December, 1931, was not fully acknowledged by the parties thereto until the 20th day of January, 1932, and was not entered of record until the 26th day of January, 1932, at 1:05 o'clock P. M., and that the mortgage herein sought to be foreclosed was entered of record on December 30th, 1931." (2) "That the City and County of Honolulu did not pay the consideration for said conveyance until on or after the 20th day of January, 1932, at which time it received delivery of the said deed, and that said delivery and payment of the consideration was subsequent to the recording of petitioner's mortgage herein;" and that therefore "the City and County of Honolulu is not an innocent purchaser of said land for value without notice."

In paragraph III of its replication the petitioner "denies that the mortgage herein sought to be foreclosed was executed by the mortgagors under duress and as the result of threats and fraud of the Chinese American Bank, Limited, the mortgagee, and denies that said Chinese American Bank was informed and knew that said piece or parcel of land had been sold to the City and County of Honolulu by the owner thereof, and denies that the Chinese American Bank forced the said mortgagors to execute and deliver said mortgage as in said amended answer alleged."

The answer of the Liberty Bank of Honolulu, respondent, thereafter filed, admitted all the allegations in petitioner's bill, alleged that its own mortgage was executed and delivered October 3 and recorded October 6, 1931, and in answer to the allegations of the answer of the city and county averred that "it had no notice either actual or constructive of any right or claim of right in the city & county to the premises covered by said mortgage at the time of the execution, delivery and recording of said mortgage to it."

The issues then to be tried were those thus joined by the petition and replication of the Merchants Collection Agency, Limited, and the answer of the Liberty Bank of Honolulu on the one hand and the answer and amended answer of the City and County of Honolulu on the other. An oral motion, unsupported by affidavit, to open the default, nearly six months after the event, of four of the respondents, was made by their counsel in order to show want of consideration as to them for the execution of the note and mortgage. The motion was not granted but the trial judge considered the same defense under evidence which was introduced in support of the answer of the city and county.

After hearing and written decision, decree of foreclosure was entered in favor of the petitioner, subject to the prior mortgage of the Liberty Bank of Honolulu and subject to the assessment liens of the city and county in the sums of $1727.12 and $103.07. The decree was against all the mortgagors except Ng Kam Bat, minor, and in all respects except as above noted, against the claims of the City and County of Honolulu. The case is before us upon the appeal of the City and County of Honolulu from the aforesaid decree.

As set forth in its opening brief the City and County of Honolulu contends "that the property acquired by it

under the terms of its deed from the various respondents and more particularly described in its answer, should be excluded from the foreclosure and sale and that the court below erred in not so holding, upon the grounds, first: The court below erred in not holding that the city and county was a *bona fide* purchaser for value without notice and that (a) the Chinese American Bank, the mortgagee, had a constructive notice that the property was to be acquired, and what is most important and controlling in this case, (b) that the said bank had full, complete and actual notice at the time it secured the mortgage that a sale had been made of a portion of the property to the City and County of Honolulu and that as a result of its silence or non-disclosure, it is estopped now as against the city and county from setting up any rights against the portion so acquired by the city and county; second: That the court erred in not holding that as to the respondents, Ng Sau Yee, Ng Sam, Ng Shee and Ng Kam Luke, the mortgage held by the Chinese American Bank is void, there being no consideration for the same; third: That the court erred in holding that there was no evidence of duress or fraud on the part of the Chinese American Bank in obtaining the mortgage." Several of the points above quoted may be disposed of briefly. For convenience they will be considered in a different sequence.

1. As to failure of consideration moving to the four respondents, in passing adversely upon this claim the trial judge said: "Three of these, to-wit, Ng Sau Yee, Ng Sam and Ng Kam Look all gave testimony in effect that they signed the note and mortgage at the request of one of their brothers without knowing or asking anything about it. According to their testimony the purpose and contents of the documents were neither understood nor inquired into by them. Neither of them claims any misrepresentation or deceit as to the contents of the mortgage,

nor that they were misled as to any part of the transaction. * * * The notary who took the acknowledgments testified that each of them was fully informed as to the purpose of the mortgage. The business which had been inherited from the father was in danger from overdue paper and this mortgage was the means to secure an extension. The mother and two brothers of these respondents were directly interested in that business. The land on which the mortgage was given was also a part of the same inheritance. It is also apparent from the evidence that the entire transaction was a family affair agreeably entered into. * * * As to Ng Sam and Ng Kam Look the notary's testimony showed that there was at least an hour's discussion on the subject at the home when they and their mother executed the mortgage. The court finds from the evidence that all four of said parties respondent knowingly and willingly executed the document in question. The consideration for the giving of the mortgage was the forbearance to sue, the cancellation of the old notes and the extension of time for the payment of the debt. Authorities sustaining this as a valuable and valid consideration are numerous. See 41 C. J. page 387, Sec. 205 and the cases there cited." The evidence fully supports the finding of the trial judge and we find no error in his conclusion.

2. As to duress and fraud, the trial judge's finding was partly as set forth in paragraph herein numbered one and partly as follows: "There was no evidence of duress, nor of any undue influence, nor was any claim made by any of them that the signatures were obtained by that means. * * * It is the conclusion of the court that each of said four respondents, Ng Sau Yee, Ng Sam, Ng Shee and Ng Kam Look are bound by the mortgage as to their respective interests in the land described therein. Although they have been allowed to fully participate in

this hearing, the default stands against them. The evidence offered failed to show any valid reason for setting it aside. * * * The city and county sets up duress and fraud on the part of the Chinese American Bank exercised against all of the mortgagors by forcing them to execute the mortgage. As its allegations in this regard were not sustained by any evidence, it may be dismissed without further consideration." This finding is also sustained by the evidence and the conclusion is without error.

3. The respondent appellant further claims that the Chinese American Bank, second mortgagee, had both actual and constructive notice "that the property was to be acquired" and actual notice that a sale had been made to the City and County of Honolulu. In addition to the assessment notices hereinabove referred to the city and county relies upon certain evidence tending to show that the second mortgagee before the execution of the mortgage to it knew of negotiations pending between the owners and the city and county for the ultimate sale to the latter of a part of the mortgaged premises. It is claimed that such actual and constructive notice that the property was to be acquired and such actual notice of sale on the part of the second mortgagee, estopped the second mortgagee from claiming priority of rights over the city and county.

(a) The answer to the first part of this contention is that neither actual nor constructive notice of intention to acquire realty nor of pending negotiations for a future sale of the same is sufficient to defeat a mortgage executed before the consummation of said sale. "A purchaser is not bound by notice of the intention of parties to execute a deed. Until the deed is actually executed, notice of what the parties have in contemplation cannot affect him. Until the intention has been carried out, the title has not passed, and it may be that the intention of the parties will be altered by other causes, or may fail

of being consummated." 2 Devlin on Real Estate (Deeds) 3d ed. §750, p. 1384..

(b) The answer to the second part of the foregoing contention, namely, that the second mortgagee had actual notice of sale, is that the sale to the city and county had not been consummated, so far as the evidence shows and as correctly found by the trial judge, at the date of the execution and delivery of the mortgage to the Chinese American Bank.

(c) The findings above referred to as to want of actual notice on the part of the mortgagee dispose automatically of the question of *estoppel* contrary to the claim of the city and county as hereinabove set forth.

4. Coming now to the question of constructive notice (a) as to the first mortgagee and (b) as to the second mortgagee.

(a) The first mortgage as found from sufficient evidence by the trial judge was made, executed and delivered October 3, 1931, and recorded October 6, 1931. These dates are approximately twelve weeks before the signing of the deed to the city and county by any of the grantors and more than sixteen weeks before the recordation of said deed. In these circumstances there could have been no constructive notice to the Liberty Bank of Honolulu of the deed to the city and county. At all times after October 6, 1931, however, the city and county was charged with constructive notice of the mortgage to the Liberty Bank of Honolulu.

(b) The second mortgage, as found by the trial judge and as shown by the instrument itself, introduced in evidence as petitioner's exhibit B, was executed and acknowledged November 30, 1931, and recorded December 30, 1931. The deed to the city and county, introduced in evidence as respondent's exhibit 1, recites that it was made December 28, 1931. It was acknowledged on that

day by all but one of its grantors. On January 13, 1932, it was acknowledged on behalf of Ng Bat, minor, remaining grantor, by Ng Sau Bew, her guardian; and on January 20 it was acknowledged on behalf of the City and County of Honolulu. The purchase price was paid by an employee of the city and county, the notary who took the foregoing acknowledgments. In answer to a question by the trial judge, she testified in part, referring to the purchase money: "I paid it to Sau Bew, I think about four or five days after the mayor and clerk signed it, after the board of supervisors accepted the deed and they authorized the drawing of a voucher and check against the improvement fund; that took three or four days, called in board of supervisors on Tuesday meeting and on Wednesday or Thursday I went down to the auditor's office and received the check and paid it to Sau Bew; I am quite sure it was Sau Bew."

Except as inferable from the facts above set forth there was no evidence of the date of delivery of the deed to the City and County of Honolulu. The trial judge found that no sale had been made until after the date of recordation of the mortgage to the Chinese American Bank and this finding is supported by the above recited and uncontradicted evidence as to the date of "acceptance" of the deed and the payment therefor under authorization of the board of supervisors. The deed was recorded January 26, 1932. Section 3170, R. L. 1925 applies. It provides that "all deeds, leases for a term of more than one year, or other conveyances of real estate within the Territory, shall be recorded in the office of the registrar of conveyances, and every such conveyance not so recorded shall be void as against any subsequent purchaser, in good faith and for a valuable consideration, not having actual notice of the conveyance, of the same real estate, or any portion thereof, whose conveyance shall be first duly

recorded." The City and County of Honolulu was a subsequent purchaser of the property described in its deed, but it was not a subsequent purchaser whose conveyance was "first duly recorded" and therefore not within the protection of the above quoted provisions of the statute. See *Pacific Trust Co.* v. *Nagamori, ante,* pp. 323, 326.

On the other hand, from and after December 30, 1931, the date of recordation of the second mortgage, the city and county was charged with constructive notice of that instrument. All of its subsequent acts in the premises were charged with that notice. This applies to the "acceptance," two later acknowledgments and recordation of its deed, and to the payment of the purchase price therefor. "If the notice has been given to the intending purchaser before he has paid any part of the consideration, there is no doubt that he thus becomes a purchaser with notice, and if he sees proper to pay the money, he acquires a title subject to the rights of whose existence he had notice." 2 Devlin on Real Estate (Deeds) 3d ed. §736, p. 1360, and citations in footnote 9.

As to the duty of a subsequent grantee to "examine the records up to the moment of the acceptance of his deed" and to place it on record before the recordation of the earlier instrument, see *Pacific Trust Co.* v. *Nagamori, supra,* p. 326.

For the reasons above set forth the decree appealed from is affirmed.

*Kemp & Stainback* and *Jean Vaughan* for petitioner.

*L. P. Scott,* Deputy City and County Attorney, for the City and County.