**MONTSERRAT OVERSEAS HOLDINGS, S.A., Plaintiff-Appellant,**

v.

**David W. LARSEN, British Hawaiian Properties, Ltd., Plantorel, Ltd., Defendants-Appellees.**

No. 82–4698.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 12, 1983.

Decided June 8, 1983.

Rehearing Denied July 11, 1983.

Clyde William Matsui, Honolulu, Hawaii, for plaintiff-appellant.

William Meheula, Honolulu, Hawaii, for defendants-appellees.

Before BROWNING, Chief Judge, MERRILL and ALARCON, Circuit Judges.

PER CURIAM.

In this diversity action under Hawaii law, Plaintiff-Appellant Montserrat Overseas Holdings, S.A., a Panamanian corporation, sued David Larsen, a resident of Hawaii, and two corporations controlled by Larsen, for specific performance and damages allegedly arising from the breach of an escrow agreement for the sale of certain Hawaiian real property. The District Court granted summary judgment on the specific performance claim and ordered that Montserrat post a $50,000 bond to cover costs on the contract claim. The action was dismissed upon Montserrat's failure to post the bond. Montserrat appeals from the partial summary judgment and the dismissal of the action for failure to post the required bond.

## I

It was not error to grant Defendants partial summary judgment on the specific performance count of the amended complaint. At the time Appellant secured its contract of sale an earlier sale contract between Larsen and one Hunter was in the course of litigation. Appellant took with notice of and subject to this earlier contract. The Larsen-Hunter suit was subsequently settled and title passed pursuant to the settlement. The general rule is that a prior purchaser prevails over a subsequent purchaser with notice, *see Merchants Collection Agency, Limited v. Ng Au Shee,* 32 Haw. 883 (1933); Hawaii Rev.Stat. § 502–83, and it is uniformly recognized that one who acquires an interest in land subject to an existing interest which is the basis of a lawsuit takes subject to the judgment in that suit even if that judgment is pursuant to a settlement between the parties. *See* 54 C.J.S. *Lis Pendens* § 39 (1948).

Appellant contends that the settlement on the basis of which judgment in the Larsen-Hunter suit was ultimately entered was fraudulent and collusive. We find no facts in the record, however, supporting the inference that the settlement of the prior suit was entered collusively. Appellant finds evidence of fraud and collusion in the fact that in order to arrive at a settlement it had been necessary for the parties to bring in a third party, one Witte, as assignee of the purchaser. No rational inference of fraud can be drawn from the fact that settlement was achieved by such refinancing.

Appellant sought to add Witte as party defendant and to amend its complaint to include allegations respecting Witte. The Court properly denied Appellant's motion in these respects as the amendment would not have remedied the defect in its specific performance claim and would have clouded Witte's title without justification.

## II

The costs bond apparently was ordered pursuant to Rule 290–1 of the Rules of Court of the United States District Court for the District of Hawaii, which provides:

The court, on motion or of its own initiative, may order any party to file an original bond or additional security for costs in such an amount and so conditioned as the court by its order may designate.

It cannot be said that requiring a bond to be posted under this rule constituted abuse of discretion. *See Hawes v. Club Ecuestre El Comandante,* 535 F.2d 140, 143 (1st Cir.1976). Here Appellant was a foreign corporation with no assets within the United States. The Court noted an appearance of vexatiousness in the prosecution of the suit.

Nor was the amount of the bond excessive. In diversity cases federal courts follow state law in determining whether the allowance of counsel fees is proper. *Shakey's Inc. v. Covalt,* 704 F.2d 426, 435 (9th Cir.1983); *Kabatoff v. Safeco Ins. Co.,* 627 F.2d 207, 210 (9th Cir.1980); *Schulz v. Lamb,* 591 F.2d 1268, 1272 (9th Cir.1978); *see Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 259 n. 31, 95 S.Ct. 1612, 1622 n. 31, 44 L.Ed.2d 141 (1975). Here Hawaii law provides for the allowance of counsel fees in actions in the nature of assumpsit, that is, for damages based on breach of contract. Hawaii Rev.Stat. § 607–14. This was the nature of this action at the time the bond was required, following the grant of Defendants' motion for partial summary judgment on Appellant's specific performance claim. *Cf. Smothers v. Renander,* 2 Haw.App. 400, 633 P.2d 556, 561 (1981) (winning party on breach of contract counterclaim entitled to counsel fees under § 607–14 because action was "in the nature of assumpsit").

When, as in this case, state substantive law allows the recovery of counsel fees, and the District Court has already determined that the circumstances warrant the requirement of a bond as security for costs, it is proper for the Court to take counsel fees into account in fixing the amount of the required bond. Under the circumstances of this case, given the expense of the litigation, the value of the land involved,

and the appearance of vexatiousness in pursuing the action, the bond was not excessive in amount. Accordingly, the dismissal of the action for failure to post the required bond was proper.

JUDGMENT AFFIRMED.