978 F.2d 714
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jeff and Veronica AHRING, single persons, individually, and
for and on behalf of their children Shayphane,
Mandy, and Parker Ahring, Plaintiffs/Appellants,
v.
TRUCK INSURANCE EXCHANGE, a foreign corporation; State Farm
Mutual Automobile Insurance Company, a foreign
corporation; ABC Corporations 1-10,
domestic or foreign
corporations,
Defendants/Appellees.
 No. 90-16403.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 10, 1992.
Decided Oct. 28, 1992.
 
 1
 Before CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges, and BURNS,* Senior District Judge.
 
 
 2
 ORDER**
 
 
 3
 Having heard the oral arguments of counsel, considered the briefs filed by the parties, and studied the district court record, we conclude the district court did not err when it granted summary judgment to Truck Insurance Exchange (T.I.E.) on the issue of bad faith denial of insurance coverage.
 
 
 4
 The Ahrings and T.I.E. each move this court for an award of attorneys' fees. In diversity cases, federal courts apply state law in deciding whether to award attorneys' fees. See Montserrat Overseas Holdings, S.A. v. Larsen, 709 F.2d 22, 24 (9th Cir.1983). Under Ariz.Rev.Stat. (ARS) § 12-341.01(A) (1978), the grant of attorneys' fees is discretionary; the factors to be considered by this court were set out by the Arizona Supreme Court in Wagenseller v. Scottsdale Memorial Hospital, 710 P.2d 1025, 1049 (Ariz.1985). We find the criteria for awarding attorneys' fees under ARS § 12-341.01 have not been met by any party. The third, fifth, and sixth factors set forth in Wagenseller weigh against T.I.E. The assessment of fees against the Ahrings would cause undue hardship, the issues on appeal were not routine, and the Ahrings' claims were tenable. The Ahrings, on the other hand, were the losing parties and, therefore, have no right to receive attorneys' fees as a matter of law. See ARS § 12-341.01.
 
 
 5
 Accordingly, the district court's grant of summary judgment to T.I.E. on the issue of bad faith denial of insurance coverage is AFFIRMED and all requests for an award of attorneys' fees are DENIED.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The Honorable James M. Burns, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3