15 F.3d 1082
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Khairy AREF, Plaintiff-Appellant,
v.
John MARDER; Patricia Phillips; Edward Charles Ash;
County of Los Angeles; Court of Appeals, Court of
Appeals for the State of California,
Defendants-Appellees.
 No. 93-55470.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 6, 1994.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Khairy Aref appeals pro se the district court's order declaring Aref a vexatious litigant and prohibiting him or anyone acting on his behalf from filing any action in the United States District Court for the Central District of California without first obtaining leave of court. We have jurisdiction under 28 U.S.C. Sec. 1292(a). We review for abuse of discretion. See De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir.), cert. denied, 498 U.S. 1001 (1990), and we affirm.
 
 
 3
 A district court has the power to enjoin litigants who have abusive and lengthy histories of litigation. 28 U.S.C. Sec. 1651(a); De Long, 912 F.2d at 1147. An order imposing pre-filing review conditions must meet the following four requirements: (1) the party must have had adequate notice and an opportunity to oppose the order; (2) there must be an adequate record for review, including a list of all cases and motions that led the court to conclude a vexatious litigant order was necessary; (3) the court must make a substantive finding as to the frivolous or harassing nature of the litigant's actions; and (4) the order must be narrowly tailored to fit the particular problem involved. De Long, 912 F.2d at 1147-48.
 
 
 4
 Here, the district court's 21-page order meets the four requirements. First, Aref was given notice of the defendants' motion for an injunction and had an adequate opportunity to oppose the order before it was entered. Second, the record adequately indicates Aref's numerous actions and their abusive nature. See id. at 1147 ("[a]t the least, the record needs to show, in some manner, that the litigant's activities were numerous or abusive"). Third, the court made a finding as to the frivolous or harassing nature of Aref's actions. The court found that Aref had filed at least 21 actions in state and federal court, eight appeals in state court, eleven appeals in this court, and numerous motions in connection with several of the actions and appeals. The court also found that "Aref continuously acts maliciously and in bad faith."
 
 
 5
 Finally, the district court's order is narrowly tailored to meet the problem presented by this case. The order prevents "Aref, or anyone acting on his behalf or any entity that he controls directly or indirectly," from filing "any action" in the Central District of California without first obtaining leave of court. Although the order relates to any action Aref might file in the Central District, the order is not overly broad given Aref's history of vexatious filings. See Franklin v. Murphy, 745 F.2d 1221, 1232 (9th Cir.1984) (amending pre-filing order to require litigant to obtain leave of court before filing any civil action). Accordingly, the district court did not abuse its discretion by enjoining Aref from filing any future actions without first obtaining leave of court.[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Aref's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We grant Aref's motion for leave to file a supplemental excerpt of record. We also grant Aref's request that we take judicial notice of the transcript of proceedings dated July 14, 1993 and the stipulated agreement at docket number 115