

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CON KOURTIS; et al., | No. 08-55659 |
| Plaintiffs - Appellants, | D.C. No. 2:02-cv-02906-GPS-RNB |
| v. | |
| JAMES CAMERON; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
George P. Schiavelli, District Judge, Presiding

Argued and Submitted October 8, 2009
Pasadena, California

Before: W. FLETCHER and CLIFTON, Circuit Judges, and SINGLETON[**],
Senior District Judge.

Plaintiffs-Appellants Con and Filia Kourtis appeal from the district court's

orders granting summary judgment and attorney's fees in favor of Mario Kassar,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

the producer of two films in the *Terminator* series, which the Kourtises claim infringed on their copyright. After the Kourtises failed to post a costs bond, the district court dismissed the Kourtises' claim against director James Cameron without prejudice while the litigation was ongoing against Kassar. Through counsel, the Kourtises opined for the first time at oral argument that this court lacks jurisdiction over their own appeal. In substance that appeal challenges several adverse orders culminating in summary judgment and an award of costs and fees. We affirm in all respects.

Generally, a dismissal without prejudice is not a final appealable order. *See Wakefield v. Thompson*, 177 F.3d 1160, 1162 (9th Cir. 1999). But this court has applied a "'practical rather than a technical construction'" of finality for purposes of 28 U.S.C. § 1291, treating as final a dismissal without prejudice that "(1) is a full adjudication of the issues, and (2) clearly evidences the judge's intention that it be the court's final act in the matter." *See Elliott v. White Mt. Apache Tribal Court*, 566 F.3d 842, 845-46 (9th Cir. 2009), *quoting Gillespie v. United States Steel Corp.*, 379 U.S. 148, 152 (1964).

The district court's dismissal of Cameron ripened into a final order on April 18, 2008, when the district court denied the Kourtises' ex parte application for a final judgment in favor of Cameron. From that point forward, the dismissal became

2

a "full adjudication of the issues" because, as the district court observed, the subsequent summary "judgment in favor of Defendant Kassar estops Plaintiffs from reviving their claim against former Defendant Cameron." The April 18 order "clearly evidences the judge's intention that it be the court's final act in the matter" by expressing the belief that there was no need for a separate judgment in favor of Cameron because he "was dismissed from this action almost two years ago." Although this court has repeatedly asked district courts to clarify their intent by issuing separate, final judgments in accord with Fed. R. Civ. P. 58, the absence of a separate judgment does not necessarily prevent this court from hearing an appeal, especially where the parties waive the issue, as defendants did here. *See Bankers Trust Co. v. Mallis*, 435 U.S. 381, 387-88 (1978); *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1259 (9th Cir. 2004). Because the judgment was final as of April 18, 2008, the Kourtises' amended notice of appeal filed on May 14, 2008 was timely.

The district court's imposition of a costs bond was within its discretion. "[T]he federal district courts have inherent power to require plaintiffs to post security for costs" and typically "follow the forum state's practice." *Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994). Costs bonds were appropriate under California law because the Kourtises "reside[] out of the state" and there was "a reasonable possibility" that Cameron and Kassar would

3

prevail. Cal. Civ. Proc. Code § 1030(a), (b). At least a reasonable possibility of prevailing was established by the district court's determination in a prior suit brought by the Kourtises' hired screenwriter that "no reasonable factfinder could find that [the screenplay based on the Kourtises' concept] and 'Terminator 2' are substantially similar under federal copyright law." *Green v. Schwarzenegger*, 1995 U.S. Dist. LEXIS 14031, at *2 (C.D. Cal. July 17, 1995). The $100,000 amount initially ordered was not unreasonable based on the information available to the district court. The court properly considered "the nature and amount of the costs and attorney's fees [each] defendant . . . expects to incur," Cal. Civ. Proc. Code § 1030(b), and reduced the requested amount in light of the limited information the Kourtises made available about their ability to pay. When the Kourtises presented additional financial information, the district court reasonably reduced the amount of the bond as to Kassar, the only bond then pending, to $50,000.

District courts have broad discretion to deny a motion to proceed *in forma pauperis* in a civil action. *O'Loughlin v. Doe*, 920 F.2d 614, 616-17 (9th Cir. 1990). The district court's denial of the Kourtises' motion did not abuse that discretion. The evidence the Kourtises presented did not support the contention that they were "unable to pay" the costs bonds without foregoing the necessities of life. 28 U.S.C. § 1915(a)(1). *Cf. Adkins v. E. I. DuPont de Nemours & Co.*, 335

4

U.S. 331, 339 (1948) (stating that an affidavit is sufficient where it shows affiant cannot meet court costs and "still be able to provide himself and [his] dependents with the necessities of life") (internal quotation marks omitted).

The district court did not abuse its discretion by denying the Kourtises' motion for leave to file a second amended complaint adding new defendants almost four years after those potential defendants should have been known to the Kourtises. Granting the motion would have required modifying the court's scheduling order, and the Kourtises did not show good cause for such a modification. *See* Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (holding the "good cause" standard of Rule 16 controls after a scheduling order establishes the pleading timetable).

Likewise, in the absence of good cause, the district court acted well within its discretion when it denied the Kourtises' third successive *ex parte* application to extend the time to file their opposition to Kassar's motion for summary judgment.

The district court also properly denied the Kourtises' purported motion to strike the expert testimony Kassar relied on in his motion for summary judgment. Because the Kourtises' motion was not limited to evidentiary issues but instead sought to introduce new evidence, that motion was actually an untimely opposition to Kassar's motion for summary judgment in violation of the order denying an

5

extension of time for such a filing. *See* William W. Schwarzer et al., *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* 9:403 (TRG 1992) (grounds for a motion to strike must appear on the face of pleadings or from matters which the court may judicially notice), *cited in Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).

This court reviews the district court's grant of attorneys' fees and costs under 17 U.S.C. § 505 for abuse of discretion. *Cadkin v. Loose*, 569 F.3d 1142, 1146-47 (9th Cir. 2009). "A district court's fee award does not constitute an abuse of discretion unless it is based on an inaccurate view of the law or a clearly erroneous finding of fact." *Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 883 (9th Cir. 2005). The district court properly considered "(1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) reasonableness of losing party's legal and factual arguments, and (5) the need to advance considerations of compensation and deterrence." *Wall Data Inc. v. L.A. County Sheriff's Dep't*, 447 F.3d 769, 787 (9th Cir. 2006). Although the district court limited its written analysis to objective unreasonableness and frivolousness, "we will only remand if the record does not support the district court's decision." *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 815 (9th Cir. 2003). We conclude that the district court did not abuse its discretion when it awarded fees

6

and costs based on the objective unreasonableness of pursuing a claim for five years that was substantially identical to the claim previously denied, without any additional evidentiary basis. *See Entm't Research Group v. Genesis Creative Group*, 122 F.3d 1211, 1229 (9th Cir. 1997).

The district court's calculation of an attorney's fee award of $166,233.50 based on the actual rates charged by Kassar's attorneys was reasonable under 17 U.S.C. § 505. Because this court has not mandated the lodestar method or comparison to market rates in calculating attorneys' fees under the Copyright Act, the district court's decision not to apply those methods did not represent "an inaccurate view of the law." *Twentieth Century Fox Film Corp.*, 429 F.3d at 883. The court's inclusion of an additional $37,850.00 to compensate Kassar's expert witness was not an abuse of discretion because non-taxable costs may be included in the calculation of "full costs" under 17 U.S.C. § 505. *Id.* at 885.

**AFFIRMED.**