**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KHAIRY AREF, | No. 09-56664 |
| Plaintiff - Appellant, | D.C. No. 5:06-cv-00023-VAP-VBK |
| v. | |
| RODERICK Q. HICKMAN; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted November 16, 2010[**]

Before:     TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Khairy Aref appeals pro se from the district court's judgment dismissing his

employment action for failure to comply with a prior court order to post a security

bond.  We have jurisdiction under 28 U.S.C. § 1291.  We review for abuse of

discretion, *Montserrat Overseas Holdings, S.A. v. Larsen*, 709 F.2d 22, 24 (9th Cir.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1983) (per curiam).  We affirm in part, vacate in part, and remand.

The district court did not abuse its discretion in ordering Aref to post a security bond after finding that he consumed unreasonable court and defendant resources by filing numerous prolix and unnecessary documents.  *See Montserrat Overseas Holdings, S.A.*, 709 F.2d at 24 (district court did not abuse its discretion in ordering litigant to post security bond under local rules); C.D. Cal. R. 83-8.3 (district court may order a litigant to give security in such amount as it determines to be appropriate based on a finding that the litigant "has abused the Court's process and is likely to continue such abuse, unless protective measures are taken"); *see also Aref v. Marder*, 15 F.3d 1082 (9th Cir. 1994) (unpublished mem.) (affirming district court order declaring Aref a vexatious litigant).

However, it appears that the district court applied the wrong standard in arriving at the $250,000 security amount – to deter Aref's vexatious litigation practices, rather than to "secure the payment of any costs, sanctions or other amounts which may be awarded against a vexatious litigant."  C.D. Cal. R. 83-8.2. We therefore remand for the limited purpose of the district court either explaining how it arrived at the $250,000 security amount or reducing the amount as appropriate.

We do not consider Aref's contentions not supported by argument.  *See*

09-56664

*Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992).

Aref's remaining contentions are unpersuasive.

We deny Aref's request for judicial notice.

**AFFIRMED in part, VACATED in part, and REMANDED.**