NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NAGUI MANKARUSE,**

*Plaintiff-Appellant*

v.

**RAYTHEON COMPANY, TRS LLC US, DAVID EARL STEPHENS, JOHN RYAN, JAMES LEROY COTTERMAN, JR., JAMES D. WEBER, MARK P. HONTZ, KIMBERLY R. KERRY, COLIN J. SCHOTTLAENDER, WILLIAM H. SWANSON, THOMAS A. KENNEDY, MATTHEW BREWER, F. KINSEY HAFNER, KEITH PEDEN, BRIAN ARMSTRONG, RICHARD ROCKE,**

*Defendants-Appellees*

---

2020-2309

---

Appeal from the United States District Court for the Central District of California in No. 8:19-cv-01904-DOC-ADS, Judge David O. Carter.

---

Decided:  May 7, 2021

---

NAGUI MANKARUSE, Huntington Beach, CA, pro se.

ANDREW VALENTINE, DLA Piper LLP (US), East Palo

Alto, CA, for defendants-appellees.  Also represented by
STANLEY JOSEPH PANIKOWSKI, III, San Diego, CA; NANCY
NGUYEN SIMS, Los Angeles, CA.

———————————

Before TARANTO, LINN, and CHEN, *Circuit Judges.*

TARANTO, *Circuit Judge.*

Nagui Mankaruse, proceeding *pro se*, brought this ac-
tion in district court against Raytheon Company, Thales-
Raytheon Systems (TRS) LLC, and a host of Raytheon em-
ployees in their personal capacity (collectively, Raytheon),
alleging patent infringement and trade-secret misappro-
priation.  Having fought similar, and in large part the
same, claims by Mr. Mankaruse in California state courts
during the previous six years, Raytheon asked the district
court in this case for, and received, an order deeming Mr.
Mankaruse a vexatious litigant, requiring him to seek
court permission before filing further cases against it, and
also requiring him to post a $25,000 security bond before
proceeding with the present case.  *See Mankaruse v. Ray-
theon Co.*, No. 8:19-cv-01904-DOC, 2020 WL 2405258, at *1
(C.D. Cal. Jan. 23, 2020) (*Pre-Filing Order*).  Mr.
Mankaruse failed to post the required bond, and the dis-
trict court then dismissed this case.  We affirm.

I

Mr. Mankaruse is one of two named inventors on U.S.
Patent No. 6,411,512 and Canadian Patent No. 2,389,458,
both of which are titled "High Performance Cold Plate,"
and both which he has claimed to own.  On October 3, 2019,
Mr. Mankaruse filed the present case in the Central Dis-
trict of California.  He accused Raytheon of infringing
claims of the '512 and '458 patents and of misappropriating
his trade secrets.  *See* Complaint, *Mankaruse v. Raytheon
Co.*, No. 8:19-cv-01904 (C.D. Cal. Oct. 3, 2019), ECF No. 1.

This is not the first lawsuit between Mr. Mankaruse and Raytheon. Mr. Mankaruse, an engineer, worked for Raytheon from 2004, until he was laid off in April 2012, as part of a reduction in Raytheon's workforce. A few months before the layoff, Mr. Mankaruse sued Raytheon, along with several Raytheon employees, in California state court, asserting employment discrimination based on his age and nationality, and Raytheon removed the case to federal court. *See* Notice of Removal of Action Pursuant to 28 U.S.C. § 1441(a), *Mankaruse v. Raytheon Co.*, No. 8:12-cv-00261 (C.D. Cal. Feb. 16, 2012), ECF No. 1. Mr. Mankaruse moved to dismiss his claims without prejudice when the case was removed. Raytheon Appx. 152. The federal court granted that motion and dismissed Mr. Mankaruse's claims on August 8, 2012. Raytheon Appx. 155.

From 2013 through 2017, Mr. Mankaruse filed six additional unsuccessful state-court actions against Raytheon, alleging various combinations of trade-secret misappropriation and discrimination, as well as contract breaches and torts. *See Mankaruse v. Raytheon Co.*, Case No. 30-2013-00625080 (Orange Cnty. Super. Ct. filed Jan. 17, 2013); *American Innovation Corp. and Mankaruse v. Raytheon Co.*, Case No. 30-2014-00732670 (Orange Cnty. Super. Ct. filed July 7, 2014); *Mankaruse v. Raytheon Co.*, Case No. 30-2016-00841632 (Orange Cnty. Super. Ct. filed Mar. 18, 2016); *Mankaruse v. Raytheon Co.*, Case No. 30-2016-00860092 (Orange Cnty. Super. Ct. filed June 27, 2016); *Mankaruse v. Raytheon Co.*, Case No. 30-2016-00878349 (Orange Cnty. Super. Ct. filed Sept. 30, 2016); *Mankaruse v. Raytheon Co.*, Case No. 30-2017-00934796 (Orange Cnty. Super. Ct. filed July 31, 2017). One of those cases went to trial, ending in a jury verdict in favor of Raytheon in December 2014, which was affirmed on appeal. *See* Raytheon Appx. 157–72 (Case No. 30-2013-00625080).

In another one of those cases, the California Superior Court, on July 12, 2018, declared Mr. Mankaruse a

vexatious litigant under California Code of Civil Procedure § 391(b)(1) and required that he obtain pre-filing approval from the court before initiating any future litigation and that he post a security bond of $10,000 before proceeding in the case. Raytheon Appx. 137–40 (order in Case No. 30-2016-00878349). After Mr. Mankaruse posted the required bond and the case proceeded, the court ultimately entered summary judgment against him on October 31, 2019 and awarded costs to Raytheon. Raytheon Appx. 192–204. The court thereafter rejected Mr. Mankaruse's motion to release the bond after final disposition of the case. Raytheon Appx. 149. Mr. Mankaruse was also placed on a list of vexatious litigants maintained by the California Judicial Council.[1]

In the present case, on December 12, 2019, citing Mr. Mankaruse's litigation history, Raytheon filed a motion asking the court to declare Mr. Mankaruse a vexatious litigant, impose a pre-filing-approval requirement, and order him to post a security bond of $50,000 before proceeding with this case. Raytheon Appx. 109–10, 271–93. Raytheon also asked that the court consider Mr. Mankaruse's history of filing cases against Intel Corporation and others (collectively, Intel)—including a co-pending patent-infringement action asserting the same patents as those at issue here, an action we address in *Mankaruse v. Intel Corp.*, No. 2020-2297, slip op. at 2–4 (Fed. Cir. May 7, 2021), issued today. *See* Raytheon Appx. 282–86.

After a hearing on the motion, the district court declared Mr. Mankaruse a vexatious litigant, entered the

---

[1]    We take judicial notice, under Federal Rule of Evidence 201, of the fact that Mr. Mankaruse remains on the California List of Vexatious Litigants at the time of this opinion. *See* Cal. Courts, Vexatious Litigant List 48, https://www.courts.ca.gov/documents/vexlit.pdf (last updated April 1, 2021).

requested pre-filing-approval order, and imposed a bond requirement on January 23, 2020. *See Pre-Filing Order*, 2020 WL 2405258, at \*4. Proceeding through the factors set forth by the Ninth Circuit in *De Long v. Hennessey*, 912 F.2d 1144 (9th Cir. 1990), the court first determined that a pre-filing-approval order was appropriate because Mr. Mankaruse's previous lawsuits evidenced "an extensive history of frivolous and harassing litigation tactics" and compelled "an adverse inference regarding [his] motives in bringing the[] actions." *Pre-Filing Order*, 2020 WL 2405258, at \*2–3. The court also found a pre-filing-approval order to be needed, deeming less stringent measures inadequate in light of his litigation history. *Id.* at \*3.

Pursuant to the Ninth Circuit's requirement of narrow tailoring, the court ordered that Mr. Mankaruse

> seek prefiling approval . . . prior to filing cases in the Central District of California *pro se* against Raytheon, TRS, Intel, or any of their employees, officers or agents regarding Plaintiff's prior employment with these entities or regarding any alleged stolen trade secrets or patent infringement by these actors.

*Id.* (citing C.D. Cal. Local Rule 83–8.2). The court also granted Raytheon's request for a security bond in the present case, requiring that Mr. Mankaruse produce a bond of $25,000 "on or before February 29, 2020 or the action will be dismissed." *Id.* When Mr. Mankaruse failed to post a bond by the specified date, the district court dismissed his claims and entered a final judgment on June 9, 2020. Raytheon Appx. 7–8.

Mr. Mankaruse appealed the district court's January 23, 2020 order to the Ninth Circuit on February 19, 2020, and appealed again on June 15, 2020, after the judgment was made final. The appeal was transferred to our court on September 22, 2020, because it falls within our exclusive jurisdiction under 28 U.S.C. § 1295(a)(1).

II

Mr. Mankaruse challenges the district court's order as violative of his constitutional rights, including under the First and Fifth Amendments. *See* Mankaruse Opening Br. 21–22. We also understand Mr. Mankaruse to be challenging the court's security-bond requirement as violating the Eighth Amendment's prohibition on "excessive bail, excessive fines, or cruel and unusual punishments." *See id.* at 22–23. Mr. Mankaruse separately argues that the district court erred by finding him to be a vexatious litigant when, he asserts, the California state court terminated his designation as a vexatious litigant. *Id.* at 19.

The Ninth Circuit's test for determining whether a pre-filing-approval order is appropriate takes account of the constitutional guarantees invoked by Mr. Mankaruse, and we see no separate ground for finding a violation of those guarantees if the Ninth Circuit test is met. *See De Long*, 912 F.2d at 1147 ("[W]e also recognize that such pre-filing orders should rarely be filed."); *see also Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1061–62 (9th Cir. 2014) (applying *De Long* after discussing First and Fifth Amendment concerns); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056–57 (9th Cir. 2007) (per curiam) (same). Applying that test, we conclude that Mr. Mankaruse has not shown reversible error in the district court's ruling in this case.

A

Applying the law of the regional circuit, we review a district court's entry of a pre-filing-approval order and declaration of a vexatious litigant for an abuse of discretion. *See Ringgold-Lockhart*, 761 F.3d at 1062; *Baden Sports, Inc. v. Molten USA, Inc.*, 556 F.3d 1300, 1304 (Fed. Cir. 2009). "A district court abuses its discretion when it bases its decision on an incorrect view of the law or a clearly erroneous finding of fact." *Molski*, 500 F.3d at 1056–57.

An order restricting future court filings should rarely be entered and must comply with "certain procedural and substantive requirements": (1) a plaintiff must be given an opportunity to oppose entry of the order; (2) the district court must indicate what court filings support issuance of the order; (3) the district court must find that the filings were frivolous or harassing; and (4) the order must be narrowly tailored. *Ringgold-Lockhart*, 761 F.3d at 1062 (citing *De Long*, 912 F.2d at 1147). To analyze the last two aspects of the test, the Ninth Circuit borrows from the Second Circuit's "helpful framework" of five substantive factors to determine "whether a party is a vexatious litigant and whether a pre-filing order will stop the vexatious litigation or if other sanctions are adequate." *Molski*, 500 F.3d at 1058; *see also Ringgold-Lockhart*, 761 F.3d at 1062. Those factors include:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Molski*, 500 F.3d at 1058 (quoting *Safir v. United States Lines, Inc.,* 792 F.2d 19, 24 (2d Cir. 1986)).

The district court in the present matter gave Mr. Mankaruse an adequate opportunity to oppose entry of the order before it was entered. The parties fully briefed the issue, Raytheon Appx. 271–93, 294–446, 447–56, and appeared before the court, which heard from Mr. Mankaruse and counsel for Raytheon, *see id.* at 9–41. The district court had "an adequate record" of the earlier litigation, *De Long*,

912 F.2d at 1147, reviewing a list of cases that Mr. Mankaruse had filed against Raytheon and Intel over the preceding seven years, *Pre-Filing Order*, 2020 WL 2405258, at *2. *See also* Raytheon Appx. 125–270 (Raytheon's Request for Judicial Notice listing cases and supporting documentation).

The district court also reasonably made "substantive findings as to the frivolous or harassing nature" of Mr. Mankaruse's claims. *De Long*, 912 F.2d at 1148 (internal quotation marks omitted). For example, the district court explained, Mr. Mankaruse had a history of dismissing claims after Raytheon had expended significant effort in defending them, only to refile the same claims in a new suit. *See Pre-Filing Order*, 2020 WL 2405258, at *3; *see also*, *e.g.*, Raytheon Appx. 119, ¶ 5 (sworn attorney declaration that Mr. Mankaruse dismissed claims and refiled them in new suit the following day); *id.* at 181 (dismissing appeal of dismissal in Case No. 30-2014-00732670 after briefing but before argument); *id.* at 185. The district court noted that in one case, in which Raytheon had filed a demurrer, Mr. Mankaruse dismissed his lawsuit on the day of, but just before, the hearing, at which Raytheon counsel, lacking notice of the dismissal, showed up to argue. *See* Raytheon Appx. 185; *see also id.* at 127 (attorney declaration explaining events). Mr. Mankaruse does not deny this version of the events, and we see no reason that the incident should "not qualif[y]" as part of the analysis. Mankaruse Opening Br. 18 (annotation regarding Case No. 30-2016-00841632). Mr. Mankaruse even continued this pattern in the present case, refusing to amend his complaint to delete claims for relief against Intel (which is not named as a party) after a meeting with Raytheon's counsel, only to amend his complaint after Raytheon filed a motion to dismiss those claims. *See* Raytheon Appx. 59; *id.* at 119, ¶¶ 2–3 (attorney declaration regarding meet and confer); *id.* at 123 (attorney letter to Mr. Mankaruse requesting meet and confer).

The district court relied on the "extensive history of frivolous and harassing litigation tactics" confirming that this was Mr. Mankaruse's *modus operandi*, and not simply on the number of suits or motions filed, as justifying the designation of Mr. Mankaruse as a vexatious litigant. *Pre-Filing Order*, 2020 WL 2405258, at *3; *see also De Long*, 912 F.2d at 1148 ("Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants."); *Ringgold-Lockhart*, 761 F.3d at 1066 ("[A] pattern of frivolous or abusive litigation in different jurisdictions undeterred by adverse judgments may inform a court's decision that an injunction is necessary."); *cf. id.* at 1065 (commenting that imposing a pre-filing order based on "litigant's motion practice in two cases" "would at least be extremely unusual," but not deciding the issue). In addition to the suits against Raytheon, the district court was also aware of the similar claims Mr. Mankaruse asserted against Intel, and similar behavior regarding his motions practice. *See* Order, *Mankaruse v. Intel Corp.*, No. 8:19-cv-01902 (C.D. Cal. Jan. 27, 2020), ECF No. 34; *see also Mankaruse v. Intel Corp.*, No. 2020-2297, slip op. at 2–4. The reasonableness of the district court's decision is further supported by the fact that California courts have also declared Mr. Mankaruse a vexatious litigant under state law. *See* Raytheon Appx. 137–140. Given the character and frequency of Mr. Mankaruse's tactics, we cannot say the district court erred in its conclusion regarding the vexatiousness of Mr. Mankaruse as a litigant.

The district court also appropriately considered whether alternative sanctions would suffice to deter the actions Raytheon complained of, noting that Mr. Mankaruse previously forfeited a $10,000 bond by pressing an unsuccessful state-court claim against Raytheon. *Cf. Ringgold-Lockhart*, 761 F.3d at 1066 (explaining that district court "failed to consider whether other remedies were adequate

to curb what it viewed" as frivolous motions practice).  The district court's "inference that other sanctions would be insufficient" is reasonable and not an abuse of its discretion. *Pre-Filing Order*, 2020 WL 2405258, at *3.

Mr. Mankaruse argues that the district court clearly erred by failing to recognize that a California state court "relieved" him of his vexatious litigant label.  Mankaruse Opening Br. 19.  This argument misunderstands the California court's order that he cites.  In the order, the state court denied Raytheon's motion to declare Mr. Mankaruse a vexatious litigant under California law for a second time, but never addressed Mr. Mankaruse's status presented by his earlier case.  *See* Raytheon Appx. 99–104.  The court's order expressly states that it denied Raytheon's motion "for purposes of *this action*," referring only to that case, *id.* at 103, and to date Mr. Mankaruse is still listed on the state's list of vexatious litigants, *see supra* p.4 n.1.

Lastly, the court's Pre-Filing Order meets the requirement of being narrowly tailored.  The court's order does not prevent Mr. Mankaruse from pursuing "all claims" against Raytheon or the other parties; rather, it is limited to claims "regarding [his] prior employment" or "regarding any alleged stolen trade secrets or patent infringement," *Pre-Filing Order*, 2020 WL 2405258, at *3, which are the types of claims that Mr. Mankaruse had been filing vexatiously, *see Molski*, 500 F.3d at 1061; *see also Baker v. Dykema Gossett, LLP*, 776 F. App'x 485, 487 (9th Cir. 2019) ("[T]he order was narrowly tailored because it was limited to one set of defendants and one court.").  In addition, the requirement of pre-filing approval is limited to cases that Mr. Mankaruse files *pro se*; it does not apply to cases filed by counsel.  And we understand that approval will actually be forthcoming if the claims filed are "not duplicative and not frivolous." *Ringgold-Lockhart*, 761 F.3d at 1066 (internal quotation marks omitted).

We conclude that the district court did not abuse its discretion by adopting the Pre-Filing Order in this matter.

B

We review a district court's requirement of a security bond from a declared vexatious litigant for abuse of discretion. *See Monsterrat Overseas Holdings, S.A. v. Larsen*, 709 F.2d 22, 24 (9th Cir. 1983). "Federal courts have inherent authority to require plaintiffs to post security for costs." *In re Merrill Lynch Relocation Mgmt., Inc.*, 812 F.2d 1116, 1121 (9th Cir. 1987). Under the Central District of California's Local Rule 83–8.2, the district court "may, at any time, order a party to give security in such amount as the Court determines to be appropriate to secure the payment of any costs, sanctions or other amounts which may be awarded against a vexatious litigant." C.D. Cal. R. 83–8.2. We cannot say that the district court abused its discretion under this rule by requiring Mr. Mankaruse to post a bond in this case.

As explained above, the court properly declared Mr. Mankaruse a vexatious litigant. And the bond amount of $25,000 was not excessive. The purpose of the bond is to provide a defendant security that, if it were to prevail in defending against a suit, would enable it to recoup its costs from a plaintiff, and the parties here do not meaningfully dispute that, at the time the bond was required, predicted costs of further litigation would have exceeded $25,000. *See* Fed. R. Civ. P. 54(d); *see also* Mankaruse Reply Br. 21 ("Both Intel and Raytheon spending millions of Dollars for years in frivolous litigations . . . ."); Raytheon Appx. 120, ¶ 10 (attorney declaration stating costs defending lawsuit exceed $50,000); *id.* at 116 (letter from Intel in similar case). Moreover, the district court set the amount at $25,000, representing half of what Raytheon requested in its motion and a reasonable amount of costs Raytheon might be entitled to if successful in defending against the suit. *See* Raytheon Appx. 288; *see also Walczak v. EPL*

*Prolong, Inc.*, 198 F.3d 725, 734 (9th Cir. 1999) (affirming imposition of $100,000 bond when non-movant claimed damages could exceed $2 million); *Figure Eight Holdings, LLC v. Dr. Jays, Inc.*, 534 F. App'x 670, 670–71 (9th Cir. 2013) (affirming $50,000 bond after considering, among factors, the "risk that [plaintiff] would not pay the costs" if it lost and "an assessment of the likelihood that [plaintiff] will lose").

Mr. Mankaruse argues that the district court abused its discretion by requiring the $25,000 security bond because he is unable to secure that much money. Mankaruse Opening Br. 22–23. This argument fails to appreciate the proper legal standard by which we analyze the district court's decision. Federal district courts "have inherent power to require plaintiffs to post security for costs" and typically, although they are not required to, "follow the forum state's practice." *Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir.1994); *see also Kourtis v. Cameron*, 358 F. App'x 863, 866 (9th Cir. 2009). Although under California law, a court "may, in its discretion, waive a provision for a bond" based on a party's inability to pay, that standard does not make inability to pay a bar to requiring a bond, but leaves discretion with the court. Cal. Code Civ. Proc. § 995.240. In the circumstances of this case, we do not think that the district court abused its discretion in requiring Mr. Mankaruse to provide a security bond of $25,000. It follows that the district court properly dismissed Mr. Mankaruse's claims when he failed to pay the required bond.

## III

For the foregoing reasons, we affirm the district court's dismissal of Mr. Mankaruse's suit against Raytheon.

The parties shall bear their own costs.

**AFFIRMED**